UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America | * | |
| vs. | * | |
| TYLER SHIPP | * | |
| Defendant | * | Citation Nos.: 1:21-po-02136-CBA |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REQUEST FOR DISCOVERY AND INSPECTION**

Defendant, Tyler Shipp, pursuant to Federal Rule of Criminal Procedure (FRCrP) 16(a) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), moves for the disclosure of the following material and information from the State's Attorney, members of his staff and any others who have participated in any investigation or evaluation of the above-captioned case:

a. The request extends to material and information in the possession or control of the State's Attorney, members of his staff and any others who have participated in the investigation or evaluation of the above-captioned case and who either regularly report or, with reference to this particular case, have reported to the State's Attorney or his office.

b. The purpose of these Requests is to obtain disclosure of material and information to the fullest extent authorized and directed by Maryland Rule 4-263; and this general purpose shall supersede any language or expression which might otherwise appear to be a limitation upon the object or scope of any request.

c. Captions or headings used to separate paragraphs are no part of the request but are not for convenience only.

d. Material and information discovered by the State's Attorney after his initial compliance with these requests shall be furnished promptly after such discovery in accordance with Maryland Rule 4-263(a).

e. These requests in no way shall be considered a waiver and the information required to be furnished by that request by the State's Attorney pursuant to Maryland Rule 4263(a).

## DISCLOSURE WITHOUT REQUEST
## (4-263(a))

1. Any material or information which tends to negate the guilt of the defendant or which is material to the innocence of the defendant, including, but not limited to, the following:

    a. Any oral or written statement by any witness, co-defendant, or any other person, including their names and addresses, indicating that:

        (1) he/she or others, and not the defendant, committed the crimes alleged; or

        (2) the defendant was not one of the persons who perpetrated the alleged crimes; or

        (3) the defendant's participation in the alleged crimes was less serious that his/her co-defendant's; or

        (4) the defendant's participation in the alleged crimes was coerced or otherwise involuntary; or

        (5) the defendant's participation in the alleged crimes was not knowing or intentional; or

        (6) the defendant's participation in the alleged crimes occurred while he was under the influence of drugs or alcohol; or

        (7) the defendant acted in a bizarre or unusual fashion before, during or after the commission of the alleged crimes; or

        (8) the defendant's conduct was accidental, inadvertent or negligent, rather than intentional; or

        (9) the defendant's conduct was provoked by the victim or any other person; or

        (10) the defendant was attempting to act in self-defense or defense of another; or

    (11) the defendant acted in the heat of passion; or

    (12) the defendant was engaged in mutual combat with the victim and/or others; or

    (13) the defendant was not at the scene of the alleged crime when it was committed; or

    (14) the defendant was physically, mentally, or otherwise incapable of committing the alleged crimes; or

    (15) the defendant had a good reputation for truthfulness, peacefulness, honesty or any other relevant character traits at the time of the commission of the alleged crimes.

  b. Any scientific, physiatric, psychological or mental test results which indicate conclusively or inconclusively that:

    (1) conduct of the defendant not amounting to criminal behavior could have caused the alleged act; or

    (2) the defendant did not commit any or all of the crimes alleged; or

    (3) the defendant committed crimes different than those alleged; or

    (4) the defendant had a mental disorder or abnormality before, during or after the commission of the alleged crime; or

    (5) the defendant was physically incapable of committing the crime or of performing any one or more of the acts attributed to the person who committed the crimes; or

    (6) a third person committed the acts or crimes alleged.

  c. The names, addresses, physical descriptions and photographs, if any, of any persons other than the defendant who were identified, whether positively or not, arrested, or otherwise taken into custody by the State as a possible suspect in this case and any reports made concerning the same.

  d. Any reports, material or information which indicated that:

(1) the police do not believe that the defendant was the person who committed the crime; or

(2) the police investigation to determine who committed the crime is still continuing; or

(3) the police investigation to determine how the crime was committed, or whether a crime was committed, is still continuing; or

(4) the police or any other State agents committed a trespass, illegal eavesdrop or wire tap, illegal search and seizure, unnecessarily suggestive identification, or any other illegal act which lead to the discovery or any evidence against the defendant; or

(5) the police made any promises, threats or inducements, however slight, or used any physical force to obtain a statement from the defendant; or

(6) the police did not comply with Miranda v. Arizona in obtaining a statement from the defendant.

e. Any evidence supporting or corroborating the defendant's exculpatory statements to the police or others, including but not limited to, oral or written statements of witnesses, records, reports, documents or physical evidence.

f. Any evidence substantiating, supporting or corroborating the defendant's statement as to alibi, including but not limited to, oral or written statements of witnesses, records, reports, documents or physical evidence.

g. Any reports, material, or information that any of the witnesses against the defendant:

(1) have made any written or oral statements which conflict with their proposed trial testimony;

(2) have made any agreements with the prosecution and the substance of, and

documentary support for, any such agreements;

  (3) were under the influence of alcohol or drugs at the time of the commission of the alleged crimes or at any time they gave statements to any State agent or grand jury;

  (4) were at any time under the care or treatment of any psychologist, psychiatrist or any other mental health professional or at any time have been admitted to any mental hospital or institution;

  (5) were suffering from any mental, emotional or physical impairment or condition which would tend to make their observations, testimony or conclusions less reliable than a person who was not so impaired;

  (6) were an accomplice or an accessory with the defendant in the commission of the crimes alleged;

  (7) have at any time been convicted of any crime of moral turpitude, have been found delinquent of any juvenile offense involving fraud, dishonesty or false statement, or have been convicted of any military offense of a like nature;

  (8) have committed any crimes for which they were not prosecuted or convicted;

  (9) have any bias, prejudice or hostility towards the defendant or any of his witnesses;

  (10) have identified, whether positively or not, any person(s) other than the defendant as being, resembling or looking like the perpetrator of the alleged crime;

  (11) were in such physical location that they were not able to accurately or completely observe the alleged crimes;

  (12) were less than positive in their identification of the defendant as the perpetrator of the alleged crimes;

(13) were of the opinion that the defendant was not, or did not look like, the perpetrator of the alleged crime;

(14) made a previous mistake in identification of any co-defendant in the case.

h. Any evidence of the violent character of the victim including, but not limited to, prior assaultive behavior against any one or any other prior convictions of crimes of violence.

2. Any material or information which would tend to reduce the punishment of the defendant, including, but not limited to, the following:

a. As to any prior convictions of the defendant, that at the time he was not represented by counsel or was under 18 years of age or both;

b. Any other mitigating circumstances favorable to the defendant; or

c. Any oral or written statement by any person that the defendant is of good character or cooperated with the police or the State in any way.

3. Any relevant material or information regarding specific searches and seizures, including, but not limited to, the following:

a. The place and person searches and the dates and times thereof;

b. The names and addresses of all persons who either conducted or witnessed the search(es);

c. An inventory of the evidence seized;

d. A copy of all reports of each search and/or seizure including affidavits, applications and search warrants.

4. Any relevant material or information regarding wire taps and eavesdropping, including, but not limited to, the following: all logs, reports, and other records kept concerning all wire taps and eavesdrops except those containing the opinions, theories or conclusions of the Assistant State's Attorney assigned to the case.

5. Any relevant material or information regarding statements made by the defendant, including, but not limited to, the following:

a. A copy of each written and recorded statement;

    b. The substance of each oral statement;

    c. A copy of all reports of each oral or written statement;

    d. The names and addresses of the person to whom the statements were made and the witnesses to the taking of those statements.

6. Any relevant material or information concerning any pretrial identification by witnesses for the State, whether positive or not, including, but not limited to, the following:

    a. The names and addresses of the identification witnesses;

    b. Any oral or written statement by the identification witnesses, whether written by the witnesses or by the police;

    c. The dates, times and places of all identifications of the defendant or co-defendants made by the identification witnesses, including, but not limited to, identifications made under the following circumstances:

        (1) at the scene of the alleged crime or some other place where the witnesses were taken on or about the time of the commission of the alleged crime to observe the defendant or vice versa;

        (2) at photographs showing this;

        (3) at lineups, showups, or any other corporal identification;

        (4) at courthouse encounters arising from any juvenile hearing, arraignment, bail hearing, preliminary hearing, pretrial motions hearing, previous trial date, etc.;

    d. The names and addresses of all persons who either conducted or witnessed the identifications in (c) above;

    e. A copy of all reports of each identification of the defendant;

    f. All of the above information concerning any voice identification of the defendant.

## WITNESSES
### (4-263 (b) (1))

7. Disclose the name and address of each person whom the State intends to call as a witness at a hearing for trial to prove its case in chief.

8. Disclose the name and address of each person whom the State intends to call as a witness at a hearing or trial to rebut alibi testimony.

9. Furnish the defendant with the names, addresses and physical descriptions of any persons other than the defendant who were arrested or otherwise taken into custody by the police or prosecution as a possible suspect in this case in which the defendant is charged.

## STATEMENTS OF THE DEFENDANT
### (4-263 (b) (2))

10. Furnish a copy of each written and recorded statement made by the defendant to a State agent which the State intends to use at a hearing or trial.

11. Furnish the substance of each oral statement made by the defendant to a State agent which the State intends to use at a hearing or trial.

12. Furnish a copy of all reports of each oral statement made by the defendant to a State agent which the State intends to use at a hearing or trial.

## STATEMENTS OF CO-DEFENDANTS, AND/OR ACCOMPLICES, AND/OR ACCESSORIES AFTER THE FACT
### (4-263 (b) (3) )

13. Furnish a copy of each written or recorded statement made by a co-defendant, and/or accomplice, and/or accessory after the fact to a State agent which the State intends to use at a hearing or trial.

14. Furnish the substance of each oral statement made by a co-defendant, and/or accomplice, and/or accessory after the fact to a State agent which the state intends to use at a hearing or trial.

15. Furnish a copy of all reports of each oral statement made by a co-defendant, and/or accomplice, and/or accessory after the fact to a State agent which the State intends to use at a hearing or trial.

## REPORTS OF EXPERTS
### (4-263 (b) (4) )

16. Produce and permit the defendant to inspect and copy all written reports or statements made in connection with the defendant's case by each expert consulted by the State, including the results of any physical or mental examination, scientific test, experiment or comparison.

17. Furnish the substance of any oral report or conclusion made in connection with the defendant's case by each expert consulted by the State, including the results of any physical or mental examination, scientific test, experiment or comparison.

### EVIDENCE FOR TRIAL USE
### (4-263 (b) (5))

18. Produce and permit the defendant to inspect and copy any books, papers, documents, recordings or photographs which the State intends to us at a hearing or trial.

19. To permit the defendant to inspect any photographs which the police or prosecuting authorities may have exhibited to any witness for purposes of identification of the defendant, and any other photographs which the State intends to use in the trial of the defendant, and the presentation of its case-in chief, and to furnish the defendant with copies of the photographs, names and addresses of witnesses who viewed the photographs and the results of each viewing of the photographs.

20. Produce and permit the defendant to inspect and photograph any tangible objects which the State intends to use at a hearing or trial.

21. To advise the defendant as to whether the defendant was confronted by identification witnesses in any manner other than the lineup while the defendant was in custody of police or prosecution authorities (to include but not limited to preliminary hearing, a one-on-one showup at the station house or a crime scene; and if so, furnish the defendant the time, place and circumstances of such confrontation including the name and address of all persons participating in the confrontation).

### DEFENDANT'S PROPERTY
### (4-263 (b) (6))

22. Produce and permit the defendant to inspect, copy and photograph any item obtained from or belonging to the defendant, whether or not the State intends to use the item at a hearing or trial.

### CONFIDENTIAL INFORMANT
### (4-263 (c) (2))

23. Provide the defendant with the names and addresses of any informant, confidential or otherwise, who was a participant in the alleged illegal act which is the basis for this Indictment, or who was a participant in any illegal act which formed any part of the basis for any warrant or process issued and executed in this case, or who was a participant in any illegal act which was relied upon by any law enforcement officer as probable cause to make an arrest and/or search in this case.

### LAW ENFORCEMENT OFFICERS
### (4-263(c) (2))

24. Provide the defendant with the name and assignment of any law enforcement officer, City, County, State or Federal, who participated in any sale, purchase or negotiation for the sale or

purchase, of any contraband, if the sale, purchase or negotiation formed any part of the basis for the charge against the defendant or any part of the alleged probable cause for an arrest or search involving the defendant.

## **CHAIN OF CUSTODY**

25. Permit the defendant to inspect any law enforcement report containing the chain of custody of the person of the defendant, or his property, beginning with the time of the defendant's arrest and continuing through the time that the defendant in the custody of any police or prosecuting authorities.

26. In the event that law enforcement authorities have not prepared the type of report leading to custody of the defendant, or his property, referred to in Paragraph 25, furnish the defendant with the names and addresses of all persons who had the custody or control of the defendant or who participated in the custody or control of the defendant beginning with the arrest of the defendant and continuing through the time that the defendant was in custody of any police or prosecuting authorities.

## **OFFICIAL REPORTS**
## **(4-263(c) ; 4-601)**

27. Furnish copies of any and all statements or reports of prosecution witnesses which have been reduced to writing, which do not contain the opinions, theories, conclusions or other work product of the State's Attorney or his assistants.

28. Furnish photostatic copies of all crime laboratory reports pertaining to this case.

29. Furnish copies of all offense reports or other official police reports pertaining to these offenses.

30. Supply copies of any and all medical reports that the State has or wishes to introduce into evidence with respect to this case or cases.

31. Permit the defendant to see, inspect, photocopy, and/or copy any photographs, diagrams,blueprints, layouts, or plans of the grounds or building of the premises involved in these proceedings which are in the possession of the State.

32. Allow the defendant to see, inspect and view any photographs, film, slides or moving pictures containing relevant evidence in this case which the State has in its possession or intends to use in the preparation for trial and/or trial in this case.

33. To furnish the defendant a copy of any warrants, affidavits, inventories, or other related papers involved in these proceedings.

**GRAND JURY TESTIMONY**

34. Furnish copies of the transcript, audiotape or videotape of all prosecution witnesses' testimony before the Grand Jury for Montgomery County.

                                              Respectfully submitted,

                                              PORTNER & SHURE, P.A.

                                              /s/ *Jonathan N. Portner*
                                              Jonathan N. Portner, 06576
                                              7226 Lee DeForest Drive, Suite 101
                                              Columbia, Maryland 21046
                                              (301) 854-9000
                                              Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 22nd day of November, 2021, a copy of the foregoing Motion for Discovery was served on winston.r.worrell.civ@mail.mil

                                              /s/ *Jonathan N. Portner*
                                              Jonathan N. Portner, 06576